Vaughn Fisher, ISB No. 7624
Christopher Brown, ISB No. 9328
FISHER RAINEY HUDSON
950 West Bannock Street, Ste.630
Boise, ID 83702
Telephone: (208) 345-7000
Facsimile: (208) 514-1900
vaughn@frhtriallawyers.com
chris@frhtriallawyers.com

Timothy Tyree, ISB No. 5630
TYREE LEGAL, PLLC
618 W. Franklin Street
Boise, ID 83702
Telephone: (208)
Facsimile: (208)
Tim@tyreelegal.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GILL & BANGA, LLC, an Idaho Company,<br><br>Plaintiff,<br><br>v.<br><br>LINDA MCMAHON, in her official and individual capacity, U.S. SMALL BUSINESS ADMINISTRATION, UNITED STATES OF AMERICA, and DOES I through X.<br><br>Defendants. | Case No.: 1:19-cv-00095<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, Gill & Banga, LLC ("Gill & Banga"), by and through its counsel of record, FISHER RAINEY HUDSON and TYREE LEGAL, PLLC, and hereby complains and alleges as follows:

## INTRODUCTION

1.      On November 12, 2004, The United States Small Business Administration ("SBA") authorized a twenty (20) year loan (the "Loan") for the benefit of Gill and Banga, an Idaho registered LLC formed for the purpose of purchasing and operating a Boise hotel. The total amount of the SBA Loan was $711,000.00, to be paid back on a twenty (20) year fully amortized schedule. On July 12, 2017, the U.S. Department of the Treasury ("Treasury") notified Gill & Banga that the company owed the U.S. Government $961,620.46.

2.      Gill & Banga disputes the accuracy of the government's accounting. Since July of 2017, Gill & Banga has requested from the SBA and the Treasury an accounting that explains the debt owed by the business. The SBA and the Treasury have not provided Gill & Banga an accounting of the loan to explain the claimed remaining balance. The SBA's failure to provide Gill & Banga an accurate accounting of its debt has prevented the Plaintiff from successfully paying the remaining amount due on the Loan, resulting in interest on the loan to accrue, and requiring substantial attorneys' fees in an attempt to resolve the matter.

## PARTIES, JURISDICTION AND VENUE

3.      At all relevant times, Gill & Banga was a Boise, Idaho based limited liability company registered with the Idaho Secretary of State with real property located in Ada County, Idaho.

4.      Defendant Linda McMahon is the Administrator of the U.S. Small Business Administration, and is sued in her official capacity only. As the head of a federal agency, she is

the proper defendant in a lawsuit against said agency for official acts of such agency. The Small Business Administration is an independent federal agency with the mission of aiding, counseling, assisting and protecting small businesses in the United States. While the Small Business Administration does not make direct loans to small businesses, the Small Business Administration then guarantees these loans, eliminating some of the risk to lending partners.

5.    Plaintiff is currently without knowledge of the true names and capacities of the defendants sued herein as Does I through X, inclusive, and therefore sues those defendants by fictitious names. Plaintiff will amend the complaint to allege said defendants' true names and capacities when they are determined.

6.    The SBA and the United States of America are referred to collectively herein as the "United States Defendants."

7.    Federal jurisdiction is proper pursuant to 28 U.S.C. § 1346(a)(2) for a civil action based upon an express contract with the United States.

**8.**    Venue in this Court is proper pursuant to 28 U.S.C. § 1402(a)(2) because the Plaintiff's principle place of business is located in Boise, Idaho, in this Court's judicial district.

## GENERAL ALLEGATIONS

9.    On November 12, 2004, the Sacramento Loan Processing Center of the SBA authorized a loan (the "Loan") in the amount of $711,000.00 to Plaintiff Gill & Banga, LLC. (See Exhibit A - SBA Authorization for Debenture Guarantee).

10.    The Loan was provided to finance the purchase of real property located at 2526 Airport Way, Boise, ID 83705.

11.    The fully amortized Loan was to be paid off in twenty (20) years.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 3**

12.     The Loan was guaranteed by Balwinder Gill, Pal Kaur Gill, Jaswinder Lal and Comfort Inn Boise Airport.

13.     On November 10, 2015, the SBA transferred Gill & Banga's Loan to the Treasury's Bureau of the Fiscal Service for collection.

14.     According to Treasury records, the amount still owing on the SBA Loan on November 10, 2015 was $702, 391.72.

15.     Upon receiving the debt for collection, the Treasury included a one-time collection fee of twenty-eight (28) percent. For reasons unknown to Plaintiff, Treasury's records indicated that the updated amount due on the Loan in November of 2015 was $913,109.24.

16.     On November 13, 2015, the Treasury mailed a demand letter to Balwinder Gill, a co-owner of Gill & Banga, in the amount of $913,109.24.

17.     On July 12, 2017, the Treasury notified Gill & Banga that despite years of diligent payments, the business owed the U.S. Government $961,620.46.

18.     In August of 2017, members of Gill & Banga and their attorneys began communicating with the SBA and the Treasury, attempting to obtain a detailed accounting of the Loan dating back to its 2004 inception, in order to determine how and why it reached its current balance.

19.     Neither the SBA nor the Treasury ever provided an accounting of the Loan.

20.     On August 14, 2017, in an effort to resolve the debt, Gill & Banga made a $400,000.00 payment to the Treasury which was posted the same day.

21.     On November 9, 2017, Gill & Banga's attorneys forwarded a demand letter to the SBA and the Treasury, notifying the agencies that their refusal to provide an accounting of the

**COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

amount due constitutes a violation of Gill & Banga's Fifth Amendment due process right. Still, no accounting was ever provided.

22.     According to the Treasury, on January 2, 2018, the amount still owing on Gill & Banga's SBA loan was $586,427.42.

23.     Plaintiff has been harmed by Defendants' failure to properly service this Loan.  On formation and belief, defendant has failed to properly account for payments made and has charged unauthorized fees and penalties on the Loan.  Plaintiff has further been harmed because defendants have and continue to fail and refuse to provide an accounting pursuant to which Plaintiff can settle its debt with the US government, in violation of Plaintiff's procedural due process rights.

**CAUSES OF ACTION**
**FIRST CLAIM FOR RELIEF**
**ACCOUNTING**

24.     The Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Complaint as if fully set forth herein.

25.     Subject to Administrative Procedures Act, 5 U.S.C. § 552a(a)(d)(1), each agency that maintains a system of records shall allow any individual to gain access to his own records contained in the system.

26.     As Gill & Banga's servicer, the United States Defendants had a duty to accurately maintain records of Gill and Banga's Loan agreement. Their failure to do so has resulted in an adverse determination for Plaintiff.

27.     The United States Defendants have wrongfully denied Gill & Banga's demands for an accounting of its SBA Loan.

28.     Gill & Banga demands an accurate accounting for the amounts actually paid on this loan so that a correct balance can be determined, and this debt satisfied.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 5**

29.     The United States Defendants' denial to provide Gill & Banga an accounting on the Loan has caused Plaintiff damages including but not limited to continued accrual of interest on the Loan, penalties, and attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF FIFTH AMENDMENT**
**RIGHT TO PROCEDURAL DUE PROCESS**

30.     The Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Complaint as if fully set forth herein.

31.     Administrator Linda McMahon, the United States Defendants and Does I-X are persons as that term is used under 42 U.S.C. § 1983.

32.     Administrator Linda McMahon and Does I-X, in their individual capacity and as the final decision-making authority on behalf of the United States Defendants were acting under the color of law when engaging in the actions set forth in paragraphs 1-23 above.

33.     The acts described in paragraphs 1-23 above by Administrator Linda McMahon, the United States Defendants, and Does I-X, deprived Gill & Banga of its right to due process under the United States Constitution.

34.     In denying Gill & Banga its due process right to an accounting of its debt, Administrator Linda McMahon and Does I-X in either their individual capacity and/or their capacity as final policy maker for the United States Defendants, acted intentionally.

35.     The denial to provide Gill & Banga with a detailed accounting of the amount allegedly due on their SBA Loan by, or at the direction of Administrator Linda McMahon, and Does I-X, in both their individual capacity and as final policy maker for the United States Defendants, was unreasonable as Administrator Linda McMahon, Does I-X and United States Defendants owe Plaintiff a duty to an accurate accounting of the Loan as Plaintiff's servicer.

36.     As a result of the unlawful violation of Gill & Banga's right to due process, Plaintiff has sustained unnecessary and significant damages, including but not limited to the continued accrual of Loan interest, assessment of penalties, and attorneys' fees incurred in attempting to resolve this matter.

## COSTS AND ATTORNEY FEES

Plaintiff's claims arise pursuant to 5 U.S.C. § 552(a)(d)(3), for the refusal to comply with Plaintiff's request to gain access to information pertaining to it. Plaintiff is entitled to reasonable costs of suit and attorney fees in an amount deemed reasonable by this Court pursuant to 5 U.S.C. § 552(a)(g)(1), in the event Plaintiff is the prevailing party.

Plaintiff's claims arise from violations of 42 U.S.C. § 1983. As an action to enforce this provision and vindicate a violation of civil rights, Plaintiff is entitled to an award of reasonable costs of suit and attorney fees in an amount deemed reasonable by this Court pursuant to 42 U.S.C. § 1988 in the event it is the prevailing party.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues properly tried by a jury in the above-entitled matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

a.      For an accurate accounting of Plaintiff's SBA Loan from its 2004 inception to present day;

b.      For an award of damages in an amount to be proven at trial;

c.      For costs of suit, including reasonable attorneys' fees, which amount shall be twenty-five thousand dollars ($25,000.00) should this matter be uncontested; and

d.      For such other and further relief as this Court deems just and equitable.

DATED this 20th day of March 2019.

FISHER RAINEY HUDSON

*/s/ Vaughn Fisher*
Vaughn Fisher
Attorney for Plaintiff

TYREE LEGAL, PLLC

*/s/ Timothy Tyree*
Timothy Tyree
Attorney for Plaintiff

**COMPLAINT AND DEMAND FOR JURY TRIAL - 8**